**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL BRANDON STORY,

                              Plaintiff,

      v.

FORT GORDON, UNITED STATES
MILITARY,

                             Defendant.

No. 1:24-CV-00626
(MAD/CFH)

---

**APPEARANCES:**

MICHAEL BRANDON STORY
56 Shelterwood Road
Apartment A
East Greenbush, New York 12061
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Michael Brandon Story ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). [1] In lieu of paying this Court's filing fee, he submitted an application for leave to proceed in

---

[1] Plaintiff has also filed several other actions in this Court, all of which he filed on May 6, 2024, and May 7, 2024. These actions are pending review before this Court. See Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH) (Sept. 24, 2024, Report-Recommendation recommending dismissal without leave to pending review); Story v. National Security Agency, No. 1:24-CV-00627 (MAD/CFH); Story v. Central Intelligence Agency, No. 1:24-CV-00631 (MAD/CFH). The following cases have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00626, 124-CV-00627, 1:24-CV-631, 1:24-CV-632. See Dkt. No. 5. On August 5, 2024, plaintiff filed a notice of voluntary dismissal in 1:24-CV-623, Story v. Federal Bureau of Investigation, and 1:24-CV-632 and Story v. Federal Bureau of Investigation. See Dkt. No. 6 (both cases). On August 8, 2024, the Court entered orders voluntarily dismissing both cases. See Dkt. No. 7 (both cases).

1

forma pauperis ("IFP").  See Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]  Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915.

## II.  Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]"  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro

---

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

2

> se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).  Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought. . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Allegations that "are so vague as to fail to give the defendants

adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal

theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999)[3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis.").

### B. Complaint

Using a civil form complaint, plaintiff indicates basis for this Court's jurisdiction is federal question and that the specific federal statutes, treaties, and/or provisions of the United States Constitution at issue in this case are: "[e]lectronic Harassment from miltary [sic] towers/SINCGARS." Compl. at 3. In the statement of the claim, plaintiff states that he is "hearing Electronic harassment from miltary [sic] towers having to do with SINCGARS." Id. at 4. He seeks $500,000,000. See id. Plaintiff contends that his defendant is Fort Gordon, United States Military. See Compl. In the civil cover sheet, he checks off the following boxes to indicate the nature of the suit: "Torts: Other Personal Injury" and "Civil Rights: Other Civil Rights." Dkt. No. 1-1. The civil cover sheet further states "electronic harassment encroachment civil rights noise from military towers/SINCGARS." Id.

### C. Analysis[4]

---

[3] Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.
[4] As plaintiff's claims are essentially identical to those raised in Story v. Federal Communications Commission, the unpublished cases cited are the same. As the Court has already provided plaintiff with copies of all the unpublished cases cited within this Report-Recommendation & Order, it does not provide duplicate copies here.

Plaintiff's complaint is nearly identical to another action he filed on the same day against the Federal Communications Commission.[5] See Story v. Federal Communications Commission, 1:24-CV-625 (MAD/CFH).  The undersigned recommended dismissal of the complaint without prejudice and without leave to amend.  That action is pending review by the assigned District Judge.  As in that case, the undersigned recommends dismissal for the same reasons.

First, plaintiff's complaint fails to meet the requirements of Fed. R. Civ. P. 8 and 10.  Plaintiff's complaint does not provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8.  Instead, plaintiff's complaint amounts to one or two sentences that provides the Court with no factual context or support.  See Compl.  As a result, it is not possible for the Court to make sense of his claim, nor would his complaint provide sufficient notice to defendant of the claims against it.  See generally id.  Plaintiff also does not provide a "short and plain statement of the grounds for the court's jurisdiction."  FED. R. CIV. P. 8; Lamothe v. Brown, 5:22-CV-161 (TJM/CFH), 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023).  "The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8[.]").

In addition to failing to meet the pleading requirements of Rules 8 and 10, the undersigned recommends that plaintiff's complaint be dismissed as frivolous and for

---

[5] Although these matters could likely be consolidated, because the undersigned is recommending dismissal of both cases, without leave to amend and the consolidation may cause confusion for the pro se plaintiff, the undersigned is not recommending consolidation here.  See FED. R. CIV. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990) (noting that district courts have broad discretion in assessing whether consolidation is appropriate.

failure to state a claim. The complaint lacks any basis in law or fact and sets forth "no cognizable avenue for relief." Georges v. Rathner, No. 1:17-CV-1246 (DNH/CFH), 2017 WL 8230677, at *2 (N.D.N.Y. Dec. 22, 2017), report and recommendation adopted, No. 1:17-CV-1246 (DNH/CFH), 2018 WL 1353058 (N.D.N.Y. Mar. 15, 2018); Georges v. Hatser, No. 1:17-CV-1243 (GTS/CFH), 2018 WL 816846, at *3 (N.D.N.Y. Jan. 2, 2018) ("[The] plaintiff has not provided sufficient facts for this Court to assess [the] plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law by parties who are not named in the complaint, nor explanations as to how her constitutional rights were violated[.]"), report and recommendation adopted, 2018 WL 813502 (N.D.N.Y. Feb. 9, 2018); Ehlers v. C.I.A., No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) ("[The p]laintiff's complaint does not state a valid claim for which relief can be granted and lacks substance.").

Further, "[t]he Supreme Court 'has repeatedly held that the federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" Hines v. United States, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). "No federal question jurisdiction exists when the complaint is patently insubstantial, . . . in other words, essentially fictitious." Id. (internal quotation marks and citations omitted). "Claims that are 'essentially fictitious' include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind [or] any sort of supernatural intervention.'" Id. (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)); see Gonzalez v. City of Fresno, No. 1:11-CV-01458, 2012 WL 174959 (AWI/BAM), at *3 (E.D.Ca. Jan. 20, 2012) (dismissing the plaintiff's

7

claims because they were based on "conspiracy theories" "related to stalking, phone surveillance, and computer hacking[,]" which were "'essentially fictitious[.]'") (citation omitted).

Even applying special solicitude, plaintiff's allegations that the U.S. military, apparently through its base in Fort Gordon,[6] Georgia, is "harassing" him through use of SINCGARS and that "harassment" caused an unspecified violation of his civil rights or amounted to a tort, are claims that are "essentially fictious." Compl., Dkt. No. 1-1; Hines, 2020 WL 570605, at *2; Mahmood v. United States, No. 1:20-CV-409 (MAD/DJS), 2020 WL 2475613, at *4 (N.D.N.Y. May 13, 2020) report and recommendation adopted sub nom. Mahmood v. United States, 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020) ("[The p]laintiff's complaint consists of a series of bizarre allegations relating to various harms that have befallen him as a result of the government of the United States using 'electronic surveillance' and 'mind control techniques' against him. Such allegations are unquestionably frivolous and subject to dismissal.").

Plaintiff is entirely unable to explain how the alleged conduct was committed, how he was harmed, how the "harassment" by "SINCGARS" and/or "military towers" connects to any claim for legal relief, or how defendant was personally involved in the alleged violations.[7] Even employing its best efforts – in due deference to plaintiff pro se status –

---

[6] It appears Fort Gordon has been renamed to Fort Eisenhower. See https://www.army.mil/article/271241/fort_gordon_to_fort_eisenhower_where_the_past_and_the_future_can_now_comfortably_reside (last visited Sept. 25, 2024).
[7] As the undersigned noted in response to essentially identical claims set forth in plaintiff's complaint against the Federal Communications Commission, as a federal agency, the United States military and/or Fort Gordon would be protected by sovereign immunity. Although there exists a waiver of sovereign immunity for individual federal officers or agents for certain injuries under the Federal Torts Claims Act,

the Court is unable to discern coherent factual allegations or legal claims. Accordingly, it is recommended plaintiff's complaint be dismissed as frivolous and for failure to state a claim.

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). "When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are 'substantive rather than formal and [] leave to amend would be futile.'" Mahmood, 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020) (quoting Jackson v. Pfau, 523 F. App'x 736, 737 (2d Cir. 2013) (summary order)).

Although the district court generally affords a pro se plaintiff at least one opportunity to amend prior to outright dismissal, this is not required when, as where, it is clear that any attempt to amend would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015). Plaintiff has failed to meet the pleading requirements and his claims are "essentially fictitious[.]" Supra. Plaintiff's complaint is "so attenuated and unsubstantial as to be absolutely

---

plaintiff has failed to (1) name any individual federal officers, (2) allege any facts to suggest that this claim would fall under the exception to sovereign immunity under the FTCA, and (3) demonstrate exhaustion of his administrative remedies before the appropriate federal agency. See Story v. Federal Communications Commission, 1:24-CV-625 (Report-Recommendation recommending dismissal pending). As the undersigned believes that there is no basis for plaintiff's claim as it is essentially fictitious, the undersigned recommends against providing plaintiff an opportunity to amend to allege claims under the FCTA.

devoid of merit[.]'" As no better pleading would cure these defects, the undersigned recommends dismissal without leave to amend. See, e.g., Sherven v. United States, No. 1:23-CV-02912 (UNA), 2023 WL 7128466, at *1 (E.D.Ca. Oct. 27, 2023) (dismissing a case following initial review when "the facts alleged rise to the level of the irrational or the wholly incredible, or postulat[e] events and circumstances of a wholly fanciful kind[.]") (internal quotation marks and citations omitted). Plaintiff's allegations are clearly "'a case[] in which the complaint[s are] so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Lamothe, 2023 WL 316013, at *7 (quoting Salahuddin, 861 F.2d at 42 (citations omitted)); Hatser, 2018 WL 816846, at *3 ("Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, 'courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]'") (quoting Giamattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 (2d Cir. 2010) (summary order)).

## V. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without leave to amend**, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

10

Pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a).

Dated: September 26, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge