UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHAEL BRANDON STORY,**

                         **Plaintiff,**

  vs.                                                 1:24-CV-00626
                                                          (MAD/CFH)

**FORT GORDON, UNITED STATES MILITARY,**

                         **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MICHAEL BRANDON STORY**
56 Shelterwood Rd
Apt A
East Greenbush, New York 12061
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On May 6, 2024, *pro se* Plaintiff Michael Brandon Story ("Plaintiff") filed a complaint, purporting to bring claims against Defendant Fort Gordon, United States Miliary ("Defendant"), *see* Dkt. No. 1, and a motion for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2.[1] Plaintiff indicates that the basis for this Court's jurisdiction is a federal question and, in reference to "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff states, "[e]lectronic [h]arrasment [sic] from miltary [sic] towers/SINCGARS." Dkt. No. 1 at 3. In the statement of the claim, Plaintiff alleges that he is

---

[1] The following cases, also filed by Plaintiff, have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00627, 1:24-CV-00631; 1:24-CV-00632; 1:24-CV-01346. *See* Dkt. No. 5; *Story v. Central Intelligence Agency*, 1:24-CV-00631, at Dkt. No. 5; *Story v. United States*, 1:24-CV-01346, at Dkt. No. 5.

"hearing [e]lectronic harrasment [sic] from miltary [sic] towers having to do with SINCGARS." *Id.* at 4.  Plaintiff also states that the amount in controversy is $500,000,000.  *Id.*

On September 26, 2024, Magistrate Judge Hummel issued a Report-Recommendation & Order granting Plaintiff leave to proceed IFP and recommending that Plaintiff's complaint be dismissed without prejudice and without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Dkt. No. 6.

Plaintiff has not filed any objections to the Report-Recommendation & Order.  When a party declines to file an objection, the Court reviews a recommendation for clear error.  *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training."  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Hummel's Report-Recommendation & Order.  As Magistrate Judge Hummel notes, the complaint filed in this action is nearly identical to the complaint Plaintiff filed, on the same day, against the Federal Communications Commission ("FCC").  *See* Dkt. No. 6 at 6 (citing *Story v. FCC*, 1:24-CV-00625).  This Court adopted, in full,

Judge Hummel's recommendation that Plaintiff's claims in *Story v. FCC* be dismissed without prejudice and without leave to amend. *See Story v. FCC*, 1:24-CV-00625, at Dkt. No. 7. Here, the Court again adopts Magistrate Judge Hummel's Report-Recommendation & Order in full.

Magistrate Judge Hummel recommends that the complaint be dismissed because it fails to meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 6 at 6. The Court agrees that Plaintiff's complaint, which consists of only one or two sentences, provides no factual context or support for Plaintiff's claims. *See id.* Plaintiff has also failed to provide a "'short and plain statement of the grounds for the [C]ourt's jurisdiction'" and the complaint does not provide sufficient notice to Defendant of the claims against it. *Id.* (quoting Fed. R. Civ. P. 8) (other citations omitted).

Moreover, Magistrate Judge Hummel correctly determined that, in addition to failing to meet the pleading requirements contemplated by Rules 8 and 10, the complaint is subject to dismissal because it is frivolous and fails to state a claim. *See id.* at 6-7. This Court is "'without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit[,]'" *Hines v. United States*, No. 6:19-CV-06837, 2020 WL 570605, *2 (W.D.N.Y. Feb. 5, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)), and "[n]o federal question jurisdiction exists when the complaint is . . . essentially fictitious," *id.* (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal quotation marks omitted). "Claims that are 'essentially fictitious' include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind [or] any sort of supernatural intervention.'" *Id.* (quoting *Best*, 39 F.3d at 330).

Plaintiff has not articulated how the alleged conduct was committed, how he was harmed, how his allegations of "harassment" by "SINCGARS" and/or "military towers" is connected to

3

any claim for legal relief, or how Defendant was involved in the alleged violations. *See id.* at 8-9 ("Even employing its best efforts—in due deference to plaintiff *pro se* status—the Court is unable to discern coherent factual allegations or legal claims"); *see also, Hines*, 2020 WL 570605, at *2 ("The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers . . . . Nonetheless, the Court has the discretion to decide whether a complaint is frivolous . . . , and such finding is appropriate where the facts alleged are irrational or wholly incredible") (internal citations omitted). For these reasons, the Court adopts the recommendation that Plaintiff's claims be dismissed because they are frivolous and because Plaintiff has failed to state a claim upon which relief can be granted.

Finally, the Court finds no clear error in Magistrate Judge Hummel's conclusion that, although leave to amend would normally be appropriate, leave to amend should not be granted here because the complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit[,]" and, as such, "no better pleading would cure these defects." *Id.* at 9-10 (quotations and internal quotation marks omitted).

After carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation & Order (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

4

     **ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor close this case.

**IT IS SO ORDERED.**

Dated: November18, 2024
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge